```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KIRK D. VANORDEN,

                          Plaintiff,           09-CV-6126

              v.                               **DECISION
                                               and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                          Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Kirk VanOrden ("Plaintiff") brings this action pursuant to § 205(g) of the Social Security Act ("the Act") seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits. Specifically, Plaintiff alleges the decision of the Commissioner was not based on substantial evidence, was based on errors of law, and is in violation of Title II and Title XVI of the Social Security Act as well as the Commissioner's Regulations promulgated thereunder.

The Commissioner moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)")on the grounds that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and cross-moves for judgment on the pleadings pursuant to Rule 12(a), on grounds that the Commissioner's decision was erroneous and not supported by substantial evidence in the record. The Court finds that the decision of the Commissioner for

the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

**BACKGROUND**

On November 24, 2004, the Plaintiff filed a Title II application for a period of disability and disability insurance benefits and also filed a Title XVI application for supplemental security income claiming disability since November 22, 2004. Plaintiff's application was denied by the Social Security Administration initially on August 10, 2005. Plaintiff then filed a timely request for a hearing on October 14, 2004. Plaintiff thereafter appeared, with counsel, at an administrative hearing before ALJ Robert Wright on April 10, 2008. In a decision dated May 30, 2008, the ALJ determined that the Plaintiff was not disabled within the meaning of the Act. Plaintiff then requested the Appeals Council review the ALJ decision, and on November 26, 2008, the Appeals Council gave plaintiff opportunity to provide additional evidence or argument in support of his claim which plaintiff failed to do. On January 9, 2009, the Appeals Council denied plaintiff's request for review and the ALJ's decision became final. Following the denial of review by the Appeals Council, plaintiff timely filed the instant action.

**DISCUSSION**

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material

facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters</u>, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ adhered to the Social Security Administration's five-step sequential analysis in determining disability benefits. <u>See</u> 20 C.F.R. § 404.1520. Step One: ALJ considers whether claimant is currently engaged in substantial gainful activity. Step Two: If the claimant is not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities. Step Three: If claimant suffers from an impairment that is listed in Appendix 1 of Subpart P of the Social Security Regulations, claimant will be considered disabled without considering other factors. Step Four: If claimant does not have an impairment listed in Appendix 1, the ALJ will determine whether or not the claimant, despite his impairments, retains the residual functional capacity to perform his past work. Step Five: If claimant is unable to perform his past work, ALJ will determine

whether claimant can perform other work in the local or national economy.

Under Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. (Transcript of Administrative Proceedings at page 12) (hereinafter "T."). At Steps Two and Three, the ALJ concluded that Plaintiff's impairment, degenerative disc disease of the lumbar spine with subsequent surgery is not "severe" within the meaning of the Regulations and is not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Social Security Regulations. (T. at 12, 13).

For Steps Four and Five, the ALJ concluded that Plaintiff retained the residual functioning capacity to perform the physical requirements of light work (T. at 16, 17). Light work is defined as the ability to sit, stand and walk for six hours in an eight-hour workday and lift 10 pounds frequently and 20 pounds occasionally.(T. at 16,17). As such, at Step Four, the ALJ found that Plaintiff was unable to perform his past relevant work as a factory worker and construction laborer, because it required that Plaintiff lift at least 50 pounds frequently and 100 pounds occasionally. (T. at 17). At Step Five, while considering Plaintiff's age, education, and work experience with Plaintiff's residual functional capacity to perform light level work, the ALJ

concluded jobs exist in significant numbers in the national economy that Plaintiff can perform. (T. at 17).

Based on the entire record, including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

### A. __The ALJ's decision is supported by the medical evidence in the record.__

The ALJ determined that Plaintiff's impairment from degenerative disc disease of the lumbar spine and subsequent impairments did not prevent Plaintiff from performing light-level work. (T. at 16, 17). Plaintiff argues that "the ALJ's determination plaintiff could perform light work with additional limitations is not supported by the evidence as a whole." (Pl. Br. at 5). However, I find that the ALJ's decision was supported by substantial medical evidence in the record.

The medical record shows that none of the Plaintiff's treating doctors precluded him from performing light work activity. The only activity Plaintiff was precluded from doing were his past jobs as a factor worker, construction laborer, and roofer. (T. at 165). Plaintiff's primary physician, Dr. Holley, recommended Plaintiff pursue a job retraining program because Plaintiff could not return to his job as a roofer. (T. at 165). Moreover, while Plaintiff has limitations related to his back, having undergone surgery to correct a herniated disc, his condition does not prevent him from working altogether. Rather, the medical record shows that Plaintiff

has the residual functional capacity to perform light work, with the additional restrictions identified by the ALJ.

On August 5, 2005, James Naughten, D.O. performed an independent consultative examination of Plaintiff. (T. at 147-49). Dr Naughten noted that Plaintiff exhibited a mild limp on his left leg, however, Plaintiff was able to walk on his heels and toes without difficulty. (T. at 148). Based on the exam, Dr. Naughten determined that Plaintiff had no restrictions in seeing, hearing, talking, sitting, standing, walking, pushing, pulling, reaching, and handling objects. (T. at 149). Plaintiff did have mild restriction for walking and mild to moderate restriction for climbing stairs and lifting and carrying. (T. at 149).

Plaintiff underwent a hemilaminectomy and discectomy at L4-L5 on March 16, 2006, and a foraminotomy of the L5 nerve root on left on March 17, 2006. Both surgeries were performed by Dr. Bakos. (T. at 200). When seen by Dr. Holley after Plaintiff's surgery, Plaintiff reported he was doing better. (T. at 165). Plaintiff walked with an antalgic gait, but was able to sit comfortably in a chair. (T. at 169). In addition, Plaintiff told Dr. Holley he spends most of his day at his computer. (T. at 169).

While Plaintiff continued to complain of pain and constantly requested medications from Dr. Holley, Plaintiff did not comply with any of Dr. Holley's recommendations that Plaintiff follow up with pain management, undergo physical therapy, see his

neurologist, Dr. Maxwell, and undergo job retraining. (T. at 171). Plaintiff did not see Dr. Holley for over a year, but was able to consistently, and on time, call Dr. Holley's office when his pain medications were due. (T. at 165).

Plaintiff's excuse for not seeing Dr. Holley for a year because he did not think Dr. Holley could help him does not preclude him from being able to do light work. In addition to Dr. Holley's recommendation that Plaintiff undergo job retraining and Dr. Naughten's evaluation that Plaintiff only had mild restriction for walking and mild to moderate restriction for climbing stairs, Plaintiff also testified he was able to lift up to 30 pounds which is consistent with the ALJ's finding Plaintiff was able to perform light work. (T. at 225).

### B. The ALJ properly assessed Plaintiff's credibility and his testimony regarding the symptoms of his impairment and his limitations/restrictions as a result to his impairment.

In determining a claimant's residual functional capacity, an ALJ must evaluate the credibility of a claimant's allegations of pain and other symptoms. 20 C.F.R. § 404.1529, and Social Security Ruling 96-7p, recognize there are situations in which the claimant's alleged or reported symptoms suggest possibility of a greater restriction in the ability to function, than shown by the medical evidence alone. It is important to note that in evaluating the severity of plaintiff's pain, the ALJ properly considered that Plaintiff failed to seek the appropriate medical treatment

recommended by his treating physician, Dr. Holley. Plaintiff did not return to his neurologist, or his surgeon. Nor did Plaintiff go to a pain management specialist as recommended.
(T. 158, 169.)

Furthermore, the ALJ gave proper weight to Plaintiff's symptoms of his impairment and severe pain. In assessing the claimant's credibility, the ALJ must consider all of the evidence in the record including: claimant's daily activities, and treatment, the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms. See 20 C.F.R. 404.1529. While the Plaintiff has constantly complained of pain and other symptoms of his back condition since October 2004 and has been treated and/or consulted with various doctors, the same doctors have concluded Plaintiff can and should undergo job retraining, and has the ability to do light-work. Additionally, in Plaintiff's testimony at the ALJ hearing, Plaintiff stated he could lift up to 30 pounds. (T. 225.)

For Plaintiff to qualify for disability benefits under the Act, he must have a medically determinable impairment:

> "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless or whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for

> him, or whether he would be hired if he
> applied for work."

42 U.S.C. §§423(d) and 1382c(a)(3). The ALJ properly evaluated the medical opinions of his treating and consulting physicians along with Plaintiff's own testimony. The ALJ properly found that Plaintiff's impairment was not severe enough to render him disabled under the Social Security Act.

I find that the ALJ correctly considered all of the Plaintiff's physical limitations in assessing his residual functional capacity.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
      MICHAEL A. TELESCA
      United States District Judge

Dated:    Rochester, New York
          January 7, 2010